■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN WALTENBERG, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered March 3, 1972, convicting him of manslaughter in the first degree, grand larceny in the third degree and grand larceny in the second degree, after a nonjury trial, and imposing sentence. Judgment affirmed. No opinion. Latham, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Shapiro, J., dissents in part and votes (1) to modify the judgment by reversing defendant's conviction of, and sentence for, manslaughter in the first degree, (2) to affirm the judgment as so modified and (3) to dismiss the count of the indictment under which defendant was convicted of manslaughter in the first degree, with the following memorandum: Defendant and another, James Slaven, were indicted and charged with the crimes of murder, robbery and grand larceny. Slaven was the only eyewitness to the events in question. He testified that during a night of heavy drinking he and defendant met the decedent. The three of them returned to Slaven's apartment. The decedent ultimately asked Slaven to commit a homosexual act. Slaven replied by punching the decedent in the chest and threatening to publicize the decedent's request. The decedent pulled out a knife and a struggle ensued. During the course of the struggle Slaven obtained possession of the knife. The two of them fell to the floor. The decedent was stabbed with the knife, but nevertheless had his hands on Slaven's throat. Slaven called to defendant for help. Defendant was unable to pull the decedent off Slaven and thereupon went to the kitchen, returned with a frying pan and hit the decedent on the head with it. Slaven "blacked-out" as defendant was drawing back his

hand which held the pan and therefore was unable to tell whether defendant had delivered a second blow. When Slaven regained consciousness he observed that the frying pan had shattered. The undisputed evidence established that defendant's act was justified. Defendant had observed the decedent pull a knife on Slaven and then proceed to choke him. Defendant responded to Slaven's call for help, but was unable to stop the decedent from choking Slaven. Defendant's use of the frying pan against a person he reasonably believed to be using unlawful deadly physical force was justified (see Penal Law, § 35.15). In any event, the defense of justification was not disproved beyond a reasonable doubt (Penal Law, § 25.00).